# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Amos Gabriel Hicks,**
**Petitioner Below, Petitioner**

**vs.) No. 18-1025** (McDowell County 12-C-100-S)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**
**June 3, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Amos Gabriel Hicks, self-represented, appeals the October 31, 2018, order of the Circuit Court of McDowell County denying his petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Shannon Frederick Kiser, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2008, petitioner was indicted on one count of first-degree murder, one count of malicious assault, and one count of conspiracy in the Circuit Court of McDowell County. Following a trial, the jury convicted petitioner of first-degree murder without a recommendation of mercy, malicious assault, and conspiracy to commit murder as an accessory before the fact. Thereafter, the circuit court sentenced petitioner to a life term of incarceration without the possibility of parole for his first-degree murder conviction, a term of two to ten years of incarceration for his malicious assault conviction, and a term of one to five years of incarceration for his conspiracy conviction. The circuit court ordered that petitioner serve the sentences

1

consecutively. Petitioner filed a direct appeal, and this Court affirmed petitioner's convictions. *See State v. Hicks*, 229 W. Va. 44, 725 S.E.2d 569 (2011).

On May 22, 2012, petitioner filed a petition for a writ of habeas corpus in the circuit court. Petitioner was appointed counsel and received an omnibus habeas corpus hearing on December 5, 2016. Petitioner raised thirty-seven grounds for relief, including that the cumulative effect of the alleged errors denied him a fair trial. At the omnibus hearing, much of the evidence and argument focused on whether trial counsel were ineffective for failing to seek plea negotiations with the State and whether the loss of certain portions of the trial transcript denied petitioner a meaningful appeal in *Hicks*. In a forty-six page comprehensive order, entered on October 31, 2018, the circuit court found that none of the asserted grounds entitled petitioner to relief and denied the habeas petition.

Petitioner now appeals the circuit court's October 31, 2018, order. This Court reviews circuit court orders denying habeas relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

On appeal, petitioner raises three assignments of error: (1) trial counsel were ineffective for failing to seek plea negotiations with the State; (2) the loss of certain portions of the trial transcript denied petitioner a meaningful appeal in *Hicks*; and (3) the cumulative effect of all of the errors alleged in petitioner's habeas petition (and in amendments thereto) denied him a fair trial. Respondent counters that petitioner's assignments of error lack merit and that the circuit court's denial of habeas relief should be affirmed. We agree with respondent.

Upon our review of the record, we find that the circuit court's October 31, 2018, order explained why none of petitioner's grounds for relief entitled him to habeas relief.[1] Having reviewed the circuit court's October 31, 2018, "Order Denying Post-Conviction Habeas Corpus Petition," we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions, which we find address petitioner's assignments of error. The Clerk is directed to attach a copy of the October 31, 2018, order to this memorandum decision. Accordingly, we conclude that the circuit court properly denied petitioner's habeas petition.

---

[1]*See State v. Trail*, 236 W. Va. 167, 188 n.31, 778 S.E.2d 616, 637 n.31 (2015) (finding that cumulative error doctrine has no application when there is no error).

For the foregoing reasons, we affirm the circuit court's October 31, 2018, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: June 3, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison